# FOURTH DISTRICT, 1901.

---

### H. GOLDSTEIN v. SHERMAN, SHREVEPORT & SOUTHERN RAILWAY COMPANY.

Decided February 2, 1901.

**Connecting Carriers—Interstate Shipment—Liability of Connecting Line.**

Where there is an interstate shipment of goods from another State to a point in Texas over several connecting lines of railway, with a stipulation in the contract of shipment limiting the liability of the carriers to damages occur‑ ring on their respective lines, and the goods are lost before they come into this State and before reaching the last connecting carrier, the latter is not liable therefor; and article 331a of the Revised Statutes (the connecting carriers' act of 1895), fixing the liability of connecting carriers for a through shipment of goods between points in this State, has no application.

Appeal from Marion. Tried below before Hon. T. M. Talbot.

*Geo. T. Todd,* for appellant.

*L. S. Schluter,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellee in the Justice Court to recover the value of certain goods shipped from Chicago, Illinois, to Jefferson, Texas, and consigned to appellant. In the Justice Court judgment was had by the plaintiff, but upon appeal to the District Court the defendant obtained judgment.

The trial court, before whom the case was tried without a jury, found the following facts: (1) That the shipment of goods, including the bale lost, was an interstate shipment. (2) That the goods were delivered by plaintiff's wife to the Chicago, Burlington & Quincy Railway Company at Chicago, Illinois, on or about September 2, 1899, and that the shipment included three boxes, and one bale of clothing. (3) That the bale of clothing was never received by appellee, nor ever delivered to or received by the Missouri, Kansas & Texas Railway Company of Texas; that said bale was short at Ray, the transfer station of the Missouri, Kansas

& Texas Railway and the Missouri, Kansas & Texas Railway of Texas, near the State line; and that said bale was short at Greenville. (4) That said bale was lost before the shipment reached the State of Texas, the same having been handled by three different roads before it reached appellee.

In explanation of these findings, we will say that the evidence shows that the Chicago, Burlington & Quincy Railway Company (the initial carrier) connects with the Missouri, Kansas & Texas Railway Company at Hannibal, Mo.; that the latter connects with the Missouri, Kansas & Texas Railway Company of Texas at Ray, in Grayson County, Texas, just inside the State, and that the Missouri, Kansas & Texas Railway of Texas connects with the appellee's road at Greenville, Hunt County, Texas. The bill of lading contained a stipulation limiting the liability of the connecting carriers to their respective lines of road.

The findings of the trial judge are fully sustained by the evidence in the record. It is too plain for argument that article 331a, Revised Statutes, has no application to the character of shipment disclosed by the evidence in this case. It is equally clear that no other judgment than the one appealed from could be lawfully rendered upon the evidence disclosed by the record. Therefore, it is affirmed.

*Affirmed.*